**IT IS ORDERED as set forth below:**



**Date: December 30, 2025**

_____
Susan D. Barrett
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Miscellaneous Proceeding |
| | ) | Number 25-101 |
| JUBABES HEATING & COOLING, LLC; | ) | |
| SMITE THE BLIGHT COMMUNITY; | ) | |
| HAIRS OF ANCESTRAL INDIAN LANDS; | ) | |
| JUBABE'S HEATING & COOLING, LLC, | ) | |
| RHONDA WILLIAMS; OJ"S | ) | |
| LANDSCAPING, LLC JASON EVANS; | ) | |
| SMITE THE BLIGHT COMMUNITY, | ) | |
| NZINGA BEGUM; YOU PEOPLE | ) | |
| TENANT ASSOCIATION; HEIR OF | ) | |
| ANCESTRAL INDIAN LANDS, L.P.; | ) | |
| NJINGA BEGUM; ROZINA KIMANI | ) | |
| MUTHOKA; and RHONDA WILLIAMS, | ) | |
| | ) | |
| Petitioners. | ) | |
| | ) | |

**SUPPLEMENTAL OPINION AND ORDER[1]**

---

[1] On December 24, 2025 the Court entered an Opinion and Order on the initial 51 involuntary petitions filed. See Dckt. No. 1.

1

On December 30, 2025, the Clerk's Office received an additional United States Postal Service Priority Mail Express package from Jubabes Heating and Cooling LLC including seven additional pro se skeleton involuntary bankruptcy petitions against various entities.[2] Petitioning Creditors have labeled each of these involuntary petitions as "Supplemental." These pleadings were duly accepted and filed by the Clerk's office and forwarded to Chambers for review.[3] Each of the filings is largely incoherent as an involuntary bankruptcy petition and none of the petitions were signed by any of the petitioning creditors. See generally 11 U.S.C. §303(b). There are numerous other deficiencies, including, without limitation: no filing fee for any of these petitions was included.[4]

After careful in camera review and consideration, the Court has determined the pleadings fail to meet the threshold requirements to commence an involuntary petition against any of the alleged debtors, and is directing the Clerk to file the pleadings under seal in this miscellaneous matter. See generally 11 U.S.C. §303. There are few stronger provisions of the Bankruptcy Code, or the law in general, than filing an involuntary bankruptcy petition—forcing someone into bankruptcy without their consent. With the advent of electronic court docketing, abusive involuntary petitions become available immediately to the public, consumer reporting agencies, and others. The very nature of the pleadings is harmful. Even if the matter is sealed immediately after docketing on the Court's public electronic CM/ECF system, harm has occurred. A petitioning creditor's "goal of harassment would be complete as soon as such petitions are electronically filed and made public." In re Risby, No. 4:08-mp-101, 2008

---

[2] The Court is not identifying the names of the alleged debtors in the purported involuntary petitions for the reasons explained in this Order.

[3] The pages were docketed in order of their receipt, along with a copy of the copy of the mailing envelope.

[4] In the Supplemental filings, Petitioners included a copy of the original money order tendered with the initial petitions, but no additional money order(s) was tendered with these Supplemental filings.

WL 116701, at *4 (Bankr. E.D. Ark. Jan. 7, 2008).  Furthermore, the mere commencement of an involuntary bankruptcy proceeding is harmful.  Alleged individual debtors may have to report and explain these involuntary petitions and the public and credit reporting agencies may not distinguish whether a petition was voluntary or involuntary, as a leading bankruptcy treatise explains:

> The [Fair Credit Reporting Act] FCRA does not require that the report designate the chapter under which relief was sought or whether the relief was sought voluntarily or involuntarily.  This means that a person reviewing a credit report cannot distinguish between the bankruptcy of an individual who voluntarily sought debt relief and the victim of a wrongful involuntary filing.  There are additional implications of an improper bankruptcy on a credit report. A recent bankruptcy on a credit report, without full information, can affect one's credit score negatively. This is significant because a credit score is that all important number that determines the price consumers pay for credit, and it also has applicability in terms of obtaining insurance and employment.

2 Collier on Bankruptcy ¶ 303.37 (16th ed. 2025); see also In re Walsh, 306 B.R. 738, 741–43 (Bankr. W.D.N.Y. 2004) (discussing impact of abusive pro se involuntary petitions).  While 11 U.S.C. §303 allows a court to dismiss an involuntary petition, award damages, seal records, and prohibit consumer reporting agencies from using the information in the involuntary petition, the damage has already occurred.  See In re Risby, 2008 WL 116701, at * 4–5; In re Walsh, 306 B.R. at 741–43; In re Thomas, No. 16-MP-2001, 2016 WL 386143 at *4 (Bankr. W.D.N.Y. Jan. 29, 2016); Philip R. Principe, Instant Access:  The Challenge of Abusive Pro Se Involuntary Petitions Under Electronic Filing 27-OCT Am. Bankr. Inst. J. 42, 54 (2008) (noting how 11 U.S.C. §303 remedies fail to address "the immediate impact that the filing of a groundless involuntary petition may have due to the instant availability over the Internet.").

Pursuant to 11 U.S.C. §107, the Court may protect a person's identity if the risk of disclosure creates undue risk of unlawful injury to the individual or the individual's property:

> (a) Except as provided in subsections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
>> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>>
>> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.
>
> (c)(1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
>> (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
>>
>> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. §107.

> Furthermore, Bankruptcy Rule 9018 provides:
>
> **(a) In General.** On motion or on its own, the court may, with or without notice, issue any order that justice requires to:
>
>> (1) protect the estate or any entity regarding a trade secret or other confidential research, development, or commercial information;
>>
>> (2) protect an entity from scandalous or defamatory matter in any document filed in a bankruptcy case; or
>>
>> (3) protect governmental matters made confidential by statute or regulation.

Fed. R. Bankr. P. 9018.

In this case, pursuant to 11 U.S.C. §§105(a), 107(c), and Bankruptcy Rule 9018, the Court finds such actions should be taken. These actions include opening a miscellaneous proceeding instead of an involuntary proceeding, placing the documents under seal, requiring in camera review of any subsequent involuntary bankruptcy petitions filed by Petitioners, and referring the matter to the U.S.

4

Attorney and U.S. Trustee for investigation. These actions are appropriate to protect the integrity of the court system and the alleged debtors from the immediate harm of having frivolous involuntary bankruptcy petitions filed against them. See In re Risby, 2008 WL 116701, at * 4–5 (rejecting frivolous petitions as a sanction under §105 statutory authority and the court's inherent authority to maintain integrity of the court system); In re Thomas; 2016 WL 386143, at *4–5 (rejecting petitioner's abusive submissions was appropriate remedy under §§107(c) and 105(a)). To be clear, the Court is not blocking Petitioners' access to the judicial system, just their abuse of the process.

For these reasons, and after careful consideration of the matter, it is hereby ORDERED that:

(1) The Clerk shall docket this Supplemental Opinion and Order in Miscellaneous Proceeding 25-00101 under the Petitioners' names, excluding the names of the purported debtors;

(2) The Clerk shall not docket the pleadings submitted in this "Supplemental" filing into the Court's public electronic CM/ECF system. Such pleadings shall be filed with the Clerk, and a record shall be kept by the Clerk, and such pleadings shall be maintained in paper format under SEAL;

(3) Any subsequent pro se involuntary petition Petitioners' attempt to file in this Court shall be subject to in camera review as set forth in this Order and Petitioners are subject to sanctions for any frivolous or inappropriate filings;

(4) Petitioners shall include in all subsequent pleadings filed in this proceeding or any subsequent involuntary proceedings filed in this Court the following caption prominently placed in bold font on the first page of each document: **"Pursuant to Court Order, this pleading is subject to in camera review prior to entry into the Court's electronic**

    **CM/ECF system. See Miscellaneous Proceedings No. 25-00101.**"[5]

(5) The Clerk shall mail a copy of the Petitioners' supplemental pleadings along with a copy of this Order to the U.S. Attorney and to the U.S. Trustee for investigation. The certificate of mailing of this event shall be filed into the Court's public electronic CM/ECF system in that proceeding.

(6) The Clerk is directed to set a show cause hearing why this matter should not be dismissed.

**[END OF DOCUMENT]**

---

[5] This provision also was included in the Court's previous order entered on December 24, 2025, but the Court is assuming the Petitioning parties have not received the initial order with this instruction.