**IT IS ORDERED as set forth below:**



**Date: July 23, 2026**

_____
_Susan D. Barrett_

United States Bankruptcy Judge
Southern District of Georgia

_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | |
|---|---|
| IN RE:           ) <br><br> JUBABES HEATING & COOLING, LLC;   ) <br> SMITE THE BLIGHT COMMUNITY;   ) <br> HAIRS OF ANCESTRAL INDIAN LANDS;   ) <br> JUBABE'S HEATING & COOLING, LLC,   ) <br> RHONDA WILLIAMS; OJ"S   ) <br> LANDSCAPING, LLC JASON EVANS;   ) <br> SMITE THE BLIGHT COMMUNITY,   ) <br> NZINGA BEGUM; YOU PEOPLE   ) <br> TENANT ASSOCIATION; and HEIR OF   ) <br> ANCESTRAL INDIAN LANDS, L.P.,   ) <br>   ) <br>       Petitioners.   ) <br> _____ ) | Miscellaneous Proceeding <br> Number 25-00101 |

<u>**OPINION AND ORDER, INCLUDING BANKRUPTCY RULE 9011 SANCTIONS**</u>

For the following reasons, this Miscellaneous Proceeding is dismissed, all outstanding

motions are denied, and sanctions are imposed upon Nzinga Begum.

## FINDINGS OF FACT

In late December 2025, the Clerk's Office received two United States Postal Service Priority Mail Express parcels from Jubabes Heating & Cooling LLC, including more than fifty pro se skeleton involuntary chapter 7 bankruptcy petition forms against various individuals and entities ("Dec. 22, 2025 Filing" and "Dec. 30, 2025 Filing").   These filings were duly accepted and docketed by the Clerk's Office and forwarded to Chambers for review.[1]   After careful in camera review and consideration, the Court determined the pleadings were woefully inadequate as involuntary bankruptcy petitions and appeared to be a significant abuse of the bankruptcy process and ordered the Clerk's Office to:   open the matter as a Miscellaneous Proceeding; place the pleadings under seal; and set a show cause hearing for January 29, 2026 to consider why the matter should not be dismissed.   Dckt. Nos. 1, 5, 7.   The Petitioners also were ordered to place the following prescribed caption ("Prescribed Caption") on all subsequent pleadings filed in this proceeding or any subsequent involuntary proceedings:   **"Pursuant to Court Order, this pleading is subject to in camera review prior to entry into the Court's electronic CM/ECF system.   See Miscellaneous Proceeding No. 25-00101."**   Dckt. No. 1, at 5; Dckt. No. 5, at 5 (emphasis in

---

[1]   The filings were docketed in order of their receipt.   The Dec. 22, 2025 Filing as submitted by Petitioners is 140 pages.   See Dec. 22, 2025 Filing, at 1–140.   The Clerk's Office also docketed two additional pages at the end of the submission—a copy of the envelope in which the filing was submitted and a copy of the one filing fee tendered.   Id.   at 141–42.   The Dec. 30, 2025 Filing as submitted by the Petitioners is 41 pages.   See Dec. 30, 2025 Filing, at 1–41.   The Clerk's Office also docketed one additional page at the end of the submission—a copy of the envelope in which the filing was submitted.   Id. at 42.   Page number citations in this Opinion and Order are in accordance with this description.

2

original).   To date, Petitioners have failed to place the Prescribed Caption on any subsequent filings.

After entry of the orders and notice to show cause, Ms. Begum, purportedly on behalf of Jubabes Heating & Cooling, LLC, filed an unsigned/unnotarized affidavit styled "{Notice of Appeal}" alleging, among other things, that her due process rights were violated when the Miscellaneous Proceeding was opened and the documents were placed under seal.   Dckt. No. 12. Ms. Begum, purportedly on behalf of Jubabes Heating & Cooling, LLC, also filed: a Motion to Correct Clerical Error, Vacate Improper Debtor Designation, and Unseal Record; Notice No. 2 Motion to Recognize Jubabes Heating & Cooling, LLC As Creditor and Nzinga Begum as Attorney-In-Fact; Revised Motion No. 1 Motion to Correct Clerical Error, Vacate Improper Debtor Designation, And Address Improper Conversion to Miscellaneous Proceeding; Revised Motion No. 2 Motion to Recognize Creditor Status, Attorney-In-Fact Authority, and Preserve Involuntary Rights and Motion to Recognize Jubabes Heating & Cooling, LLC as Creditor and Nzinga Begum as Attorney-In-Fact; and numerous other unlabeled pages that appear to be AI-generated.   Dckt. Nos. 13–19.   Given the unclear nature of the Notice of Appeal filing, the Court noticed a show cause hearing for January 29, 2026 for Petitioners to appear and show cause why the Court should not construe the filing as an appeal.[2]   See Dckt. No. 23.   In addition, a Notice of Deficiency was issued indicating to the extent the filing was intended to be an appeal, it needed to be signed, the appeal filing fee needed to be paid, and the proper form (Official Form 417A) and accompanying information needed to be completed and submitted on or before January 20, 2026.   Dckt. No. 24.

---

[2]   While titled "{Notice of Appeal}" or "AFFIDAVIT OF Nzinga Begum Notice of Appeal", it was unclear whether the document was actually intended as an appeal as it was unsigned, no filing fee was included, the filing was two pages out of a 24-page filing, and no official notice of appeal (Official Form 417A) was provided.   Dckt. No. 12.

Petitioners did not pay the filing fee or attend the show cause hearing, but they filed further documents indicating the initial filing was intended as an appeal.   Dckt. Nos. 58–60, 64. Furthermore, they requested an extension of time to pay the appeal filing fee, but this request was filed after the deadline had passed.   See Dckt. Nos. 24, 59.

Also, after consideration of all the filings submitted in this matter, the Court ordered a show cause hearing for Petitioners and Ms. Begum to appear and show why sanctions should not be entered against them pursuant to Federal Rule of Bankruptcy Procedure 9011(c).   Dckt. No. 25. This order also commanded Ms. Begum (personally and on behalf of all Petitioners and as agent for any other entity) to appear and show cause why:

1.  She should not be prohibited from filing any additional involuntary petitions in any Bankruptcy Court within the Southern District of Georgia unless such petition is signed, pursuant to Federal Rule of Bankruptcy Procedure 9011, by an attorney duly licensed to practice law in the State of Georgia; and admitted and in good standing to practice before the federal courts for the Southern District of Georgia; or admitted pro hac vice;

2.  She should not be prohibited from filing any new pleadings in this Miscellaneous Proceeding without such pleadings being signed by an attorney in the manner described above; however, this prohibition would not apply to her legitimate prosecution or defense of matters currently on the docket in this Miscellaneous Proceeding or any appeals/reconsiderations of any such matters; and

3.  All subsequently filed pleadings in violation of any Bankruptcy Rule 9011 order entered in this matter shall not be filed in the Court's docket and the Clerk shall be ordered to store such pleadings in a correspondence folder and no further action will be taken on said pleadings; and the Clerk will be authorized to destroy said pleadings one year after filing.

Id.

Petitioners failed to cure any of the deficiencies, but on the morning of the January 29

4

hearing, Ms. Begum emailed[3] an "Emergency Notice and Affidavit of Nzinga Begum, Attorney-In-Fact for Petitioning Creditors Requesting a Continuance of Show Cause Proceeding and Virtual Appearance."   Dckt. No. 43.   In this email, Ms. Begum stated she would be unable to attend the hearing because of inclement weather conditions.   Id.   At the hearing, the Court acknowledged the inclement weather conditions and continued the matter until February 26, 2026 at 9:45 a.m. with the following conditions: no additional continuances would be granted, Ms. Begum was required to appear at the hearing in person, and any pleadings related to the hearing were to be filed with the Court on or before February 19, 2026.   Dckt. No. 55.

Thereafter, Ms. Begum filed the following documents before the February 19, 2026 deadline:

1. Amended Notice of Appeal and Election to District Court (Dckt. No. 58);
2. Motion For Extension of Time to Pay Notice of Appeal Filing Fee (Dckt. No. 59);
3. Motion for Leave to Amend Pleadings in Response to Order to Show Cause (Dckt. No. 61);
4. Notice Regarding Simultaneous Filings (Dckt. No. 62);
5. Notice of Appearance and Request for Video Appearance (Dckt. No. 63);[4]
6. Response to Notice of Show Cause Regarding Construction of Notice of Appeal (Dckt. No. 64);
7. Protective Notice of Appeal (Dckt. No. 66).

The day after the deadline, she also filed a Notice of Motion Requesting Reconsideration to Specially Appear Remotely for Good Cause and Compelling Circumstances on February 20, 2026.

---

[3]   The email address used by Ms. Begum is to an inbox normally not monitored by the Clerk's office and intended to be used to file pleadings when the Court's CM/ECF system is down due to maintenance or inclement weather emergencies.   The Court's CM/ECF system was not down when these pleadings were filed.   Nevertheless, the address was provided by the Clerk's Office, and the documents were filed, accepted, and have been considered by the Court.

[4]   After consideration, this request was ordered denied.   See Dckt. No. 69.

Dckt. No. 76.  This request was denied.  Dckt. No. 79.  Then, on the morning of the continued February 26, 2026 hearing, several blank emails were submitted to the Clerk's Office.  See Dckt. No. 88 (blank email with subject line "25-00101 show cause answer" sent at 12:19 a.m.); Dckt. No. 89 (blank email with subject line "25-00101 Answer to show cause in writing due to disability" sent at 12:28 a.m.); Dckt. No. 90 (blank email with subject line "Emergency dire need due to illnesses in case 25-00101" sent at 12:37 a.m.).  Petitioners, including Ms. Begum, failed to appear at the continued hearing.  The U.S. Trustee's Office appeared and supported the dismissal of this matter and the entry of sanctions.[5]  Then, after the conclusion of the hearing, the Clerk's Office received two additional emails including an Answer and Response to Order to Show Cause and an Affidavit from Ms. Begum on behalf of the Petitioners.[6]  Dckt. Nos. 96, 98.

### CONCLUSIONS OF LAW

The liberal construction rules afforded pro se litigants will not rescue frivolous complaints. Haynes v. Obama, No. 21-cv-1462, 2022 WL 36914, at *1 (E.D. Wis. Jan. 4, 2022) ("While pro se pleadings are held to less stringent standards than those drafted by lawyers . . . not even excessively liberal construction rescues frivolous pro se complaints.") (citations omitted).  Given the totality of the circumstances of this case, the Court finds these petitions and Petitioners' conduct to be totally frivolous and an abuse of the judicial system and the purported debtors.  Furthermore, Ms. Begum's conduct in this case is sanctionable.  As a result, this Miscellaneous Proceeding is dismissed, and sanctions are entered against Ms. Begum.

---

[5]  The U.S. Trustee's office also appeared at the January 29, 2026 hearing.

[6]  The emails were tendered after business hours on February 26, 2026.  See Dckt. Nos. 96, 98.

6

As noted in the previous orders, there are few stronger provisions of the Bankruptcy Code than involuntarily placing someone into a chapter 7 liquidating bankruptcy. See Dckt. No. 1, at 2; Dckt. No. 5, at 2.[7] The very filing of an involuntary bankruptcy proceeding is harmful, especially in the age of electronic filing where documents and allegations are public the moment they are filed and may be reported to credit reporting agencies, which may not distinguish whether a petition was voluntary or involuntary. See Dckt. No. 1, at 2–3; Dckt. No. 5, at 2–3. Being such a powerful tool, it also is ripe for abuse.

Turning to the current matter, a cursory review of the filings shows they are woefully inadequate as legitimate involuntary petitions and are an abuse of process, and as such the Court ordered the matter placed under seal and afforded Petitioners the opportunity to appear and show cause why the matter should not be dismissed. See 11 U.S.C. §303; see also Dckt. Nos. 1, 5, 7. . As a court in a similar case noted:

> [T]he documents filed in this case. . . . do not contain a short and plain statement of the facts on which the involuntary petition[s are] based and, taken as a whole, clearly indicate an abuse of the bankruptcy process and an attempt to utilize the federal bankruptcy court for improper purposes. Under those circumstances, Section 105 of the Bankruptcy Code authorizes the bankruptcy court to issue "any order, process, or judgment that is necessary ... to prevent an abuse of process." 11 U.S.C. § 105(a); see also In re Fachini, 470 B.R. 638, 643 (Bankr. M.D. Ga. 2012) (considering the requirements of Section 303 sua sponte where "petition is invalid on its face.").

In re Gregory, No. 15-401, 2015 WL 5436718, at *1–2 (Bankr. N.D. Ga. July 24, 2015) (Diehl, J.) (opened by the court as a Miscellaneous Proceeding). Petitioners have failed to appear at any hearings, cure the deficiencies, or comply with Court orders. Furthermore, the Petitioners, namely

---

[7] The Court's previous orders address the involuntary bankruptcy process in detail and such analysis is not restated in this Opinion and Order but is incorporated herein by reference. See Dckt. Nos. 1 and 5.

Ms. Begum, have continued to file largely nonsensical, frivolous pleadings and failed to include the Prescribed Caption.   See generally Dckt. Nos. 12–19, 43, 58–66, 82, 96, 98; see also Fed. R. Bankr. P. 9011(b); Dckt. No. 1, at 5; Dckt. No. 5, at 5

This Opinion and Order addresses the broad shortcomings and grounds for dismissal of these filings and conduct, which the Court finds to be frivolous and an abuse of process.[8]

**ABUSIVE HISTORY.**[9]

The genesis of the Petitioners' actions appears to stem from a foreclosure and related dispossessory proceedings in the Northern District of Georgia, not the Southern District of Georgia. See Dckt. No. 98, at 1.   It is unclear why the involuntary petitions were filed in the Southern District of Georgia, as no party appears to be located in this district.   Some of the Petitioners—namely Jubabes Heating & Cooling, LLC, Smite the Blight Community, and Heirs of Ancestral Indian Lands—also have contemporaneously filed almost identical involuntary petitions in the Bankruptcy Court for the Northern District of Ohio.   See SFR Atl Owner 1, L.P., SFR Atl Ower 1 GP, L.L.C., No. 26-30246 (Bankr. N.D. Ohio Feb. 10, 2026) ("Ohio Case").   The Ohio bankruptcy court has had similar struggles with Petitioners, ultimately dismissing the case.   Id. at Dckt. No. 21.   A cursory search of the public dockets of proceedings in other courts also shows a pattern of abuse of the judicial process by these various Petitioners.[10]

---

[8]   Again, the Court does not restate its earlier findings set forth in its previous orders (Dckt. Nos. 1, 5) but incorporates those findings within this Opinion and Order.

[9]   The headings used in this Opinion and Order are merely an organizational tool.   The Court's analysis and discussion, including the analysis of the petitions, motions, and Petitioners' conduct are applicable throughout and are not meant to be limited to specific headings.

[10]   See, e.g., In re Williams, No. 19-44555, Dckt. Nos. 104, 108, 112 (Bankr. E.D. Mo. July 23,

8

**PURPORTED DEBTORS.**

Involuntary petitions are submitted under penalty of perjury.   See, e.g., Dec. 22, 2025 Filing, at 2 ("Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief."); Dec. 30, 2025 Filing, at 4 (same); see In re Seven Three Distilling Co., L.L.C., No. 21-10219, 2021 WL 2843849, at *5 n.10 (Bankr. E.D. La. July 6, 2021) ("Each petitioning creditor, by signing the petition, makes an unsworn declaration under penalty of perjury permitted under 28 U.S.C. §1746."); 2 Collier on Bankruptcy ¶ 303.08 (Richard Levin & Henry J. Sommer eds., 16th ed.); 28 U.S.C. §1746.   It is

---

2019) (other names listed for the debtor include Jubabee Heating and Cooling, LLC, Smite the Blight Community, and Rhonda Williams) (nearly two years after chapter 7 discharge granted, debtor filed a motion to reopen, proceed in forma pauperis, and convert to an involuntary bankruptcy, which was denied); In re Jones, No. 21-42104, Dckt. Nos. 79, 82, 86 (Bankr. E.D. Mo. June 1, 2021) (other names for the debtor include Rhonda Rozina Jones Williams, Smite the Blight Community, and Jubabee Community Development Inc) (debtor ordered to show cause why case should not be dismissed for, among other issues, allowing a non-attorney to sign the portion of the petition reserved for attorneys and for making false statements; at the hearings Ms. Williams attempted to represent debtor as attorney in fact; the United States Trustee argued an abuse of the bankruptcy system had occurred and requested sanctions; and the case was dismissed but without the requested sanctions); Begum v. Georgia State, No. 1:26-cv-01085, Dckt. No. 3-1, at 15–32; Dckt, No. 10, at 2–3 (N.D. Ga. Feb. 24, 2026) (the "complaint" includes attachments which appear AI-generated and are labeled with this case number and "United States Bankruptcy Court for the Southern District of Georgia"; Ms. Begum's requests for injunctive relief against defendants to prevent "further trespass, harassment, or interference" and against the United States Postal Service to prevent its employees from opening her mail or refusing delivery were denied as she had not provided any evidence to support her allegations); see also No. 25-20161 (Bankr. D. Kan. Feb. 12, 2025) (now sealed chapter 7 involuntary case brought by Nzinga Begum, Jubabe's Heating and Cooling, LLC, and others).

While the Court does not base its conclusions on these other cases or on the basis of venue, these are factors considered in the totality of the circumstances and are memorialized here to alert other courts and parties of this conduct in an effort to curb such continued abuse.   See Fed. R. Evid. 201 (court may take judicial notice of adjudicative facts at any time).   It also should be noted this list is not an exhaustive listing.

9

unlawful to "knowingly and fraudulently make[] a false declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, in or in relation to any case" under the Bankruptcy Code.   18 U.S.C. §152(3) (emphasis added).   As set forth below, Petitioners have made numerous false statements under penalty of perjury on the involuntary petitions.

An involuntary bankruptcy case may only be commenced against a "person."   11 U.S.C. §303(a).   The Bankruptcy Code defines a person as an "individual, partnership, and corporation, but does not include governmental unit[s]" or probate estates.   11 U.S.C. §101(41).[11]   A cursory review of the petitions shows many of the alleged debtors are not "persons" against whom an involuntary bankruptcy may be commenced.   11 U.S.C. §303(a).

**Municipalities/Government Units/Probate Estates/Banks.**

Municipalities and government units are not proper subjects of involuntary petitions.   See generally 11 U.S.C. §303(a); 11 U.S.C. §101(41); Rusciano v. City of Atlantic City (In re Rusciano), No. 15-32888, 2020 WL 111470, at *3 (Bankr. D.N.J. Jan. 8, 2020) (dismissing an involuntary petition against a municipality because a municipality is not a "person" under §303(a) and §101(41)).   The Petitioners list numerous governmental units as alleged debtors or as other names used by the debtors, including: City of Clayton; St. Louis County Government; DeKalb County Probate Court; Georgia Department of Human Services Division of Family; Georgia Child Protective Services-DFCS; Effingham County (DFCS); Child Protective Services Atlanta; Missouri Secretary of State; Office of DeKalb County Sheriff; United States Social Security Administration;

---

[11]   The statutory exceptions from the definition are not applicable in this proceeding.

Missouri Department of Revenue; Office of City of St. Louis Sheriff; DeKalb County, Georgia; DeKalb County Code Enforcement; DeKalb County Magistrate Court; DeKalb County Jail; DeKalb County Department of Family Children Services; Land Reutilization Authority of the City of St. Louis; DeKalb County Police Department; Missouri Department of Revenue; City of Decatur, State of Georgia, County of DeKalb; State of Missouri; City of St. Louis; Missouri Institute of Mental Health; University of Missouri; State of California County of Orange; Texas Department of Family and Protective Services (DFPS); DFPS Investigation Division; and Texas Child Protective Services (CPS).   Dec. 22, 2025 Filing, at 3, 11–13, 21–23, 25, 33, 45, 49, 85–86, 92; Dec. 30, 2025 Filing, at 7, 11.   These entities are not proper subjects of involuntary petitions.

Additionally, Petitioners affirmatively represent several of these entities, including the Texas Department of Family and Protective Services and the Georgia Department of Human Services, are "person[s] against whom an order for relief may be entered under Title 11 of the United States Code."   Dec 30, 2025 Filing, at 11–16.   Such assertions are patently false for the same reasons.

Similarly, "probate estates" also are not "persons" as defined under 11 U.S.C. §101(41) and therefore are not eligible to be debtors in involuntary chapter 7 cases, and these petitions are subject to dismissal.[12]   See In re Baer, No. 23-73607, 2024 WL 234134, at *1–2 (Bankr. E.D.N.Y. Jan. 22, 2024) (citing In re Goerg, 844 F.2d 1562 (11th Cir. 1988) (a probate estate is ineligible to be a chapter 7 debtor)).

---

[12]   The actual names of the estates are not listed in an effort to protect these parties with respect to scandalous or defamatory matter.   See generally 11 U.S.C. §§105 and 107(b)(2); Fed. R. Bankr. P. 9018.

Petitioners also name a bank[13] as an alleged debtor.  Dec. 30, 2025 Filing, at 7–8.  An involuntary petition may only be commenced "against a person . . . that may be a debtor under the chapter under which such case is commenced."  11 U.S.C. §303(a).  Petitioners commenced these proceedings as involuntary chapter 7 proceedings.  Section 109(b) of the Bankruptcy Code explicitly states a bank cannot be a debtor under chapter 7.  11 U.S.C. §109(b)(2) ("A person may be a debtor under chapter 7 of this title only if such person is not . . . [a] bank . . . .").

Therefore, these petitions are subject to dismissal.

**JOINT PETITIONS.**

"An involuntary bankruptcy cannot be commenced against more than a single party—joint involuntary proceedings are not recognized.  This is clear not only from the plain language of the statute but also from prior case law."  In re Gregory, 2015 WL 5436718, at *3 (citing In re Benny, 842 F.2d 1147 (9th Cir. 1988), cert. denied, 488 U.S. 1014 (1989); King v. Fidelity Nat'l Bank of Baton Rouge, 712 F.2d 188 (5th Cir. 1983), cert. denied, 465 U.S. 1029 (1984); In re S. Florida Title, Inc., 92 B.R. 548, 549 (Bankr. S.D. Fla. 1988)).  Many of the petitions list multiple purported debtors within a single petition or use "et al" and are clearly improper joint petitions.  See, e.g., Dec. 22, 2025 Filing, at 63, 85–86; Dec. 30, 2025 Filing, at 3, 5.

Similarly, in most of the petitions, Petitioners also list multiple individuals and entities as "other names used by the debtor" or use "et al."  See, e.g., Dec. 22, 2025 Filing, at 3, 5; Dec. 30, 2025 Filing, at 3, 5.  Most, if not all, of these individuals and entities are clearly not "other names

---

[13]  The actual name of the bank is not listed in an effort to protect the party with respect to scandalous or defamatory matter.  See generally 11 U.S.C. §§105 and 107(b)(2); Fed. R. Bankr. P. 9018.

used by the debtor" and seem to be attempts to name multiple debtors in one petition.   See. e.g., Dec. 22, 2025 Filing, at 45 (several probate estates listed as "other names used by" the United States Social Security Administration); id. at 86 ("State of Missouri" and "Missouri Department of Revenue" listed as "other names used by" City of Decatur, State of Georgia, County of Dekalb); Dec. 30, 2025 Filing at 7 ("State of California County of Orange" listed as "other names used by" a bank).

So, while Petitioners have filed more than fifty physical petitions, they have named over 100 purported debtors and individuals/entities as purported debtors in these petitions.   See Dec. 22, 2025 Filing, at 1–100; Dec. 20, 2025 Filing, at 3–16.   Overall, since joint involuntary petitions are not allowed, these petitions are clearly inappropriate on their face and are subject to dismissal.

**NATURE OF THE BUSINESS AND TYPE OF DEBTOR.**

The frivolous nature of the petitions continues with the Petitioners' descriptions of the nature of the purported debtors' businesses.   The petitions against municipalities/governments classify the nature of the business either as a "single asset real estate as defined in 11 U.S.C. §101(51)(B)," a "commodity broker," or a "stockbroker."   See Dec. 22, 2025 Filing, at 11–13, 23, 33; Dec. 30, 2025 Filing, at 11–15.   Additionally, the petitions also list an "individual" as a "railroad."   See Dec. 22, 2025 Filing, at 41.   They also list an "estate" as a "railroad."[14]   See Dec. 22, 2025 Filing, at 15–17. Similarly, a cursory review of the petitions also shows Petitioners' classification of some individual debtors as "partnership[s]" or "corporation[s] (includes LLC[s] and LLP[s])" is patently false as the

---

[14]   Railroads also are not qualified to be debtors in chapter 7 bankruptcies.   See 11 U.S.C. §109(b)(1).

type of debtor fails to correspond with the "Name of Debtor" Petitioners provide.  See, e.g., Dec. 22, 2025 Filing, at 3, 7–9, 49; Dec. 30, 2025 Filing, at 5.  For example, "[Jane Doe]"[15] is listed as a "partnership" and a "Single Asset Real Estate as defined in 11 U.S.C. §105(51)(B)."  Dec. 22, 2025 Filing, at 49.  Each of the petitions was submitted under penalty of perjury and are patently false and non-sensical and are subject to dismissal.

**ALLEGATIONS AND THRESHOLDS.**

The statutory threshold to file an involuntary case is aggregate claims against the purported debtor of $21,050.00 or more.  See 11 U.S.C. §303(b) (minimum aggregate claims to file an involuntary petition must equal or exceed $21,050.00).  Thirty-one of the petitions list total claims for less than this threshold and therefore are subject to dismissal.  See Dec. 22, 2025 Filing, at 5–30, 47–48, 56, 85–93; Dec. 30, 2025 Filing, at 3–16.  Additionally, twenty of the petitions list total claims of $999,999,999,999,999.00, a figure exceeding the national debt of the United States by more than 25 times.  See generally Fed. Reserve Bank of St. Louis, Federal Debt: Total Public Debt (June 18, 2026, at 2:30 p.m. CST), https://fred.stlouisfed.org/series/GFDEBTN (last visited July 1, 2026) (illustrating the total federal debt was $39 trillion at the end of Q1 of 2026); Dec. 22, 2025 Filing, at 1–4, 49–55, 71–84, 94.  Eight remaining petitions list total claims of $99,999,999,999.00 and one lists a claim of $44,244,000,000.00.  Dec. 22, 2025 Filing, at 31–46, 100.  Petitioners must hold "a claim against [the purported debtor] that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount . . . ."  11 U.S.C. §303(b)(1).  Given the totality of the circumstances, the Court finds these figures to be baseless on their face, especially considering, in

---

[15]  The name has been changed to protect this person pursuant to 11 U.S.C. §107(b)(2) and Federal Rule of Bankruptcy Procedure 9018.

totality, the overall nature of Petitioners' pleadings, their repeated failure to appear at hearings, their failure to submit evidence in support of the claims, and their repeated efforts to misuse the bankruptcy process.  See Fed. R. Evid. 201 (courts may take judicial notice of adjudicative facts at any time); Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (court may use its judicial experience and common sense when determining whether complaint states claim for relief).

These involuntary petitions include additional patently false statements: for example, the Petitioners allege they are eligible to file the petitions pursuant to 11 U.S.C. §303(b) and that "[w]ithin 120 days preceding the filing of this petition, a custodian, other than a trustee receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purposes of enforcing a lien against such property, was appointed or took possession." See, e.g., Dec. 22, 2025 Filing, at 1, 3.  This statement is patently false on the face of many of the petitions; for example, the Dekalb County Probate Court, DeKalb County, the United States Social Security Administration, DeKalb County, and St. Louis County have not had a custodian appointed to take possession of their assets.  See id. at 11, 33, 45, 64; see generally Fed. R. Evid. 201; Iqbal, 556 U.S. at 679 (courts may evaluate complaints using judicial experience and common sense).

Many of the petitions also state Petitioners' claim against a purported debtor has been transferred to the Petitioners.  See Dec. 22, 2025 Filing at 2, 4, 6; Dec. 30, 2025 Filing at 4, 6, 8. In such case, the form directs petitioning creditors to: "**Attach all documents that evidence the transfer and any statements that are required under Bankruptcy Rule 1003(a).**"  Id. (emphasis added).  Petitioners checked the box but failed to attach any documentation evidencing a transfer of claim.  See, e.g., Dec. 22, 2025 Filing at 3–4; Dec. 30, 2025 Filing, at 3–4. Petitioners' failure to attach the required supporting documentation to these petitions is grounds for

dismissal.

## AUTHORITY AND SIGNATURES.

Furthermore, none of the petitions is actually signed by a single Petitioner.   See, e.g., Dec. 22, 2025 Filing, at 1–140; Dec. 30, 2025 Filing, at 1–41; see also Fed. R. Bankr. P. 9011(a) ("Every petition, pleading, written motion, and other document . . . must be signed. . . . A party not represented by an attorney must sign all documents."); 11 U.S.C. §303(b).   Pro se filers, subject to limited exceptions not applicable here, are not authorized to file documents electronically.   See Bankr. S.D. Ga. ECF L.R. 2; Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means, at 19 (Bankr. S.D. Ga. Dec. 1, 2016), https://www.gasb.uscourts.gov/sites/gasb/files/AdminProcDec2016.pdf (last visited July 22, 2026) ("Pro se filers shall file paper originals of all complaints, pleadings, motions, affidavits, briefs, and other documents.").   As such, physical signatures are required on pro se filings and typing "s/" in the style of electronic signatures is improper.   With no petitioning creditor signature, these petitions are subject to dismissal.   See generally 11 U.S.C. §303(b)(1)–(2).

In addition, a cursory review of the petitions raises corporate authority issues.   For example, Rozina Williams is listed as the "Executor" or "Executrix" of Jubabes Heating and Cooling, LLC on more than half of the petitions.   See, e.g., Dec. 22, 2025 Filing, at 2–4, 25–46.   Interestingly, Rozina Williams and Rhonda Williams are also collectively listed as the "President" of Jubabes Heating & Cooling, LLC in eighteen of the petitions.   Dec. 22, 2025 Filing, at 5–24; Dec. 30, 2025 Filing, at 3–16.   Limited liability companies do not have "executors."

Furthermore, Ms. Begum has filed numerous pleadings on behalf of Petitioners claiming to be the "attorney-in-fact" for the Petitioners.   Dckt. Nos. 14–17, 63, 76, 82, 96, 98.   While an

16

"attorney-in-fact" may be an entity's agent, they are not an "attorney at law" permitted to represent corporate entities.   See generally HRN Group, LLC v. Aldridge Pite, LLP (In re HRN Group, LLC), No. 1:20-cv-00704, 2020 WL 4192489, at *2. (N.D. Ga. July 21, 2020) (Grimberg, J.) (citations omitted) (existence of power of attorney does not authorize non-lawyer to conduct legal proceedings for others).   Pro se individuals cannot represent any of the corporate entities listed as petitioning creditors.   See generally Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) (corporations and partnerships are legal fictions and cannot appear pro se and must be represented by legal counsel).   Petitioners were given more than ample notice of and opportunities to cure this deficiency and retain counsel to represent the corporate entities but have failed to do so. See Dckt. No. 51 (Notice of Requirement to Retain Counsel by February 13, 2026, or the petition may be dismissed).   Ms. Begum has not heeded these notices and continued to file documents as though she is counsel for these entities.   Dckt. No. 51; see, e.g., Dckt. Nos. 76, 82, 96, 98.   Such pleadings are ripe for dismissal.

**FILING FEE.**

While attempting to place more than fifty entities into involuntary chapter 7 bankruptcies, Petitioners have paid only one filing fee.   See Dec. 22, 2025 Filing, at 142.   Nevertheless, each involuntary petition affirmatively and falsely states the filing fee has been paid.   See, e.g.,   Dec. 22, 2025 Filing, at 1, 3; Dec. 30, 2025 Filing, at 3, 5.   As stated above, these pleadings were submitted under penalty of perjury and the statements are patently false.   Federal Rule of Bankruptcy Procedure 1006(a) requires that "every petition must be accompanied by the filing fee

. . ."[16]  Fed. R. Bankr. P. 1006(a).  Even though Petitioners filed a late request[17] for direction on the exact amount due, this does not alter the fact that these initial statements were patently false. See Dckt. No. 96.  Also, given the frivolous nature of Petitioners' pleadings—listing multiple purported debtors and the use of "et al" in single petitions—it is impractical to attempt to calculate the exact filing fee amount.   Petitioners also have failed to appear at any hearing where such matters could be addressed.   Under Federal Rule of Bankruptcy Procedure 1017(b), a case may be dismissed for failure to pay the filing fee.  See 11 U.S.C. §1112(b)(4)(K) (cause for dismissal includes "failure to pay any fees or charges required under chapter 123 of title 28.").

In sum, Petitioners have improperly chosen this forum to attempt to file frivolous and severely deficient involuntary bankruptcy proceedings.   They have continued to use the Bankruptcy Code as a weapon to place numerous entities into involuntary bankruptcies while failing to comply with court orders, rules, and procedures.   This is an offensive abuse of the judicial process.   For the reasons set forth above and, in the Court's previous orders, the involuntary petitions are dismissed.  See Dckt. Nos. 1, 5.

**NZINGA BEGUM AND PETITIONERS.**

Turning to the specific actions of Ms. Begum, the Court notes Ms. Begum has repeatedly failed to comply with Court orders and has failed to attend any hearing.   While it is unclear if Ms. Begum tendered the initial petitions, she has tendered all the subsequent pleadings.

---

[16]  Exceptions to this Rule apply to individual voluntary petitions, not to involuntary petitions such as the current petitions.   See Fed. R. Bankr. P. 1006(b)–(c).

[17]  The deadline given to file such pleadings was February 19, 2026, and Petitioners filed this request on February 26, 2026.   See Dckt. Nos. 55, 96.

18

The initial orders entered in this matter clearly ordered Petitioners to caption each subsequent filing with the following caption: **"Pursuant to Court Order, this pleading is subject to in camera review prior to entry into the Court's electronic CM/ECF system."** See Dckt. No. 1, at 5; Dckt. No. 5, at 5–6. Ms. Begum has failed to include this caption on any pleading she has tendered with the Court. See, e.g., Dckt. Nos. 12–19, 43, 58–59, 61–64, 66, 76, 82. Next, even a cursory review of the pleadings shows a total abuse of the judicial system and the bankruptcy process. The Court finds this conduct to merit sanctions but also finds it unlikely that monetary sanctions will have any effect upon Ms. Begum or the Petitioners. See In re Risby, No. 4:08-mp-101, 2008 WL 116701, at *1, *5 (Bankr. E.D. Ark. Jan. 7, 2008) (finding monetary sanctions against party who filed seventy-four involuntary petitions and miscellaneous documents would be futile and would not halt further misuse of judicial resources).

Given the nature of the pleadings and conduct of Ms. Begum and the Petitioners, the Court issued an Order and Notice of Show Cause Hearing why the Miscellaneous Proceeding should not be dismissed and Bankruptcy Rule 9011[18] sanctions should not be entered ("Show Cause Order")

---

[18] Rule 9011 provides, in relevant part:

(b) Representations to the Court. By presenting to the court a petition, pleading, written motion, or other document—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that, to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances:

(1) it is not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law;

stating:

> Petitioners are hereby ORDERED to Appear and:
>
> Show cause why Petitioners, as listed [in the case caption], should not be sanctioned pursuant to Federal Rule of Bankruptcy Procedure 9011(c)(2) for presenting to the Court documents which appear (1) to be presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs; (2) not warranted by existing law or by nonfrivolous arguments; and (3) to make allegations and factual contentions that do not have evidentiary support.   See Fed. R. Bankr. P. 9011(b)(1)–(3); see also Patterson v. Aiken, 841 F.2d 386 (11th Cir. 1988) (affirming Rule 11 sanctions against a pro se litigant);
>
> Show cause how Petitioners' pleadings properly qualify as involuntary petitions pursuant to 11 U.S.C. §303, rather than violations of Bankruptcy Rule 9011 cited above;
>
> Show cause why the pleadings filed January 8, 2026 should not be deemed to violate Bankruptcy Rule 9011 cited above; and
>
> Show cause why Petitioner Njinga Begum (personally, on behalf of all Petitioners listed above, and as agent for any other entity) should not be subject to sanctions under Federal Rule of Bankruptcy Procedure 9011(c) for this purported conduct, which sanctions may include but are not limited to:

---

> (3) the allegations and factual contentions have evidentiary support—or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence—or if specifically so identified, are reasonably based on a lack of information or belief.
>
> (c) Sanctions.
>
> (1) In General.  If, after notice and a reasonable opportunity to respond, the court determines that (b) has been violated, the court may, subject to the conditions in this subdivision (c), impose an appropriate sanction on any attorney, law firm, or party that committed the violation or is responsible for it. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Bankr. P. 9011(b)–(c)(1).

- Prohibition of filing any additional involuntary petitions in any Bankruptcy Court within the Southern District of Georgia unless such petition is signed, pursuant to Federal Rule of Bankruptcy Procedure 9011, by an attorney duly licensed to practice law in the State of Georgia; and admitted and in good standing to practice before the federal courts for the Southern District of Georgia; or admitted pro hac vice;

- Prohibition of filing any new pleadings in this miscellaneous proceeding, No. 25-00101, without such pleadings being signed by an attorney in the manner described above; however, this prohibition shall not apply to Petitioner Njinga Begum's prosecution or defense of matters currently on the docket in this miscellaneous proceeding or any appeals/reconsiderations of any such matters; and

- Subsequently filed pleadings in violation of any Bankruptcy Rule 9011 order entered in this matter shall not be filed in the Court's docket and the Clerk shall be ordered to store such pleadings in a correspondence folder and no further action will be taken on said pleadings; provided, however, the Clerk will be authorized to destroy said pleadings one year after filing.

Dckt. No. 25 (footnotes omitted). The Show Cause Order also includes specific references to the pleadings in question.[19] Id. at 1–2 nn.2–4. None of the Petitioners, including Ms. Begum, appeared at the initial or any continued show cause hearings. They have been given multiple

---

[19] These pleadings being: Notice of Appeal and Affidavit of Nzinga Begum (Dckt. No. 12); Motion to Correct Clerical Error, Vacate Improper Debtor Designation and Unseal Record (Dckt. No. 13); Notice No. 2 Motion to Recognize Jubabes Heating & Cooling, LLC as Creditor and Nzinga Begum as Attorney-in-Fact; and Motion to Recognize Creditor Status and Attorney-in-Fact Authority (Dckt. No. 14); Revised Motion No. 1 Motion to Correct Clerical Error, Vacate Improper Debtor Designation, and Address Improper Conversion to Miscellaneous Proceeding; and Motion to Correct Clerical Error, Vacate Improper Debtor Designation, and Unseal Record (Dckt. No. 15); Revised Motion No. 2 Motion to Recognize Creditor Status, Attorney-in-Fact Authority, and Preserve Involuntary Rights; and Motion to Recognize Jubabes Heating and Cooling, LLC as Creditor and Nzinga Begum as Attorney-in-Fact (Dckt. No. 16); Motion for Order Correcting Clerical and Docketing Errors, Recognizing Creditor Status and Representative Authority, and Addressing the Improper Handling of an Involuntary Filing (Dckt. No. 17); Proposed Order Granting Consolidated Motion to Correct Clerical Error and Recognize Creditor Status (Dckt. No. 18); and Emergency Motion (Dckt. No. 19). Dckt. No. 25, at 1–2 n.2.

21

opportunities to correct these deficiencies and appear at hearings but have failed to correct their missteps all the while continuing to file frivolous documents. The Court does not consider sanctions lightly and these sanctions were specifically drafted in an effort to curb Petitioners' further abuse of the bankruptcy process while still providing access to the judicial system to pursue legitimate claims. Given Ms. Begum's and Petitioners' repeated failure to comply with the Court's Orders, the Court finds sanctions are appropriate as set forth in the conclusion of this Opinion and Order. See Fed. R. Bankr. P. 9011(b), (c)(1), (c)(3); 11 U.S.C. §105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").

**OTHER MOTIONS AND MATTERS.**

Turning now to the various other motions and matters:

**Appeal Affidavit.**

Petitioners' appeal does not stay the entry of this Opinion and Order as bankruptcy courts retain jurisdiction to hear pending matters unrelated to the aspects of the case on appeal. Petitioners' appeal contends: (1) the Court's order to open the matter as a Miscellaneous Proceeding and sealing/redacting the record violated their due process rights;[20] and (2) Ms. Begum wrongly contends the Court listed her as a "debtor" in this proceeding.[21] Dckt. Nos. 12, 58.

[T]he filing of a notice of appeal generally divests a lower court of jurisdiction over

---

[20] Unlike a voluntary bankruptcy where the order for relief automatically arises with the filing of the petition, involuntary bankruptcies follow the provisions of 11 U.S.C. §303, and the bankruptcy court may sua sponte review an involuntary petition before entering the order for relief when the petition is invalid on its face. See In re Fachini, 470 B.R. 638, 642–43 (Bankr. M.D. Ga. 2012).

[21] The Court never listed Ms. Begum as a "debtor" in these proceedings. It appears as though Ms. Begum has confused the Bankruptcy Noticing Center's classification of her in its mailings, not the Court's treatment. Furthermore, any inadvertent listing of Ms. Begum as debtor is

those aspects of the case involved in the appeal.  Educ. Credit Mgmt. Corp. v. Mosley (In re Mosley), 494 F.3d 1320, 1328 (11th Cir. 2007).  Divestiture is not absolute, and [the bankruptcy court] retains jurisdiction to proceed with matters that are not involved in the appeal, or that are collateral to the appeal.  Id.; see also Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003).

Slott v. Smith (In re No Rust Rebar, Inc.), 671 B.R. 518, 525 n.26 (Bankr. S.D. Fla. 2025); see also Futch v. Roberts (In re Roberts), 291 F. App'x 296, 298 (11th Cir. 2008) (bankruptcy court not divested of jurisdiction to dismiss a case while an order disallowing a proof of claim was on appeal). In this case, the matters on appeal do not involve the matters addressed in this Opinion and Order.

Furthermore, the orders on appeal[22] are interlocutory and case management orders, entered in an effort by the Court to efficiently manage the proceedings and to have Petitioners appear and address numerous deficiencies.  While it is not up to this Court to determine whether to accept an interlocutory appeal, this Court deems it unlikely the appellate court would grant leave to appeal these orders as the record is clear and these issues are not of the unique standard of 28 U.S.C. §1292 meriting interlocutory appeal.  See In re McKenzie, No. A09-78963, 2009 WL 6499259 (Bankr. N.D. Ga. Nov. 2, 2009) (Bonapfel, J.) (citation modified) ("Under §1292, an interlocutory appeal is appropriate when the appealed order involves a controlling question of law for which there is

---

immaterial and the record is clear that Ms. Begum has not been considered a purported debtor in these proceedings.

[22] The orders and notices entered to date are:
1. Orders placing the matter under seal pending Court resolution (Dckt. Nos. 1, 5);
2. Show cause why miscellaneous proceeding should not be dismissed (Dckt. No. 7);
3. Show cause why sanctions should not be entered (Dckt. No. 25);
4. Show cause why the appeal affidavit should not be construed as an appeal (Dckt. No. 23);
5. Denying requests to appear remotely (Dckt. Nos. 69, 79);
6. Redacting names of alleged debtors to protect them from immediate harm (Dckt. Nos. 11, 75).

substantial ground for difference of opinion, and the immediate resolution of the issue will materially advance the ultimate termination of the litigation. . . . Although it is not the bankruptcy court's decision to grant leave to appeal, the Court deems it unlikely that the District Court will grant leave to appeal the Order because the appealed order does not satisfy the unique standard of 28 U.S.C. § 1292(b)."). Finally, to the extent the matters covered by this Opinion and Order are considered related to matters pending on appeal, this Opinion and Order should be construed as the Bankruptcy Court's Report and Recommendation after considering the matter.

### Emergency Withdrawal of the Reference Motion.

Procedurally, entry of this Opinion and Order is not stayed by Ms. Begum's "Emergency Motion to Stay Bankruptcy Proceedings Pending District Court Review and Withdrawal of the Reference." Dckt. No. 76; see Fed. R. Bankr. P. 5011(c) ("A motion [to withdraw the reference or abstain] does not stay proceedings in a case or affect its administration."); 9A Collier on Bankruptcy ¶ 5011.03 ("Indeed, the bankruptcy court has an obligation to manage its docket and generally will proceed with the case and the litigation unless a stay is requested and granted."). Furthermore, Petitioners' request to stay the proceedings is denied as Petitioners have failed to show that they will suffer irreparable harm if the stay is denied, or that the other parties will not be substantially harmed if the stay is granted, or that the public interest will be served in any matter by letting such frivolous proceedings continue. In re Soloman, No. 25-56148, 2025 WL 2157909, at *1 (Bankr. N.D. Ga. July 29, 2025) (reviewing the factors to consider for a stay pending determination of a withdrawal request).

Furthermore, no "cause" to withdraw the reference has been shown. 28 U.S.C. §157(d) ("The district court may withdraw the reference . . . for cause shown . . . ."). "Although cause is

24

not defined in the statute, [the Eleventh Circuit] has found that it is not an empty requirement."

Dionne v. Simmons (In re Simmons), 200 F.3d 738, 741 (11th Cir. 2000) (internal citation omitted).

> The mere implication of non-bankruptcy federal law in the proceedings is not sufficient to mandate withdrawal; the resolution of non-bankruptcy law must be essential to the dispute. . . . to establish that permissive withdrawal is appropriate, the moving party must demonstrate that sufficient "cause" exists for withdrawal.   In re Parklane, 927 F.2d at 536 . . . . The Eleventh Circuit has never addressed what constitutes "cause" for purposes of this statute, but has commented that it is not an "empty requirement."   In re Parklane, 927 F.2d at 536.   In In re Parklane, the Eleventh Circuit was not faced with determining what constitutes sufficient cause for permissive withdrawal, but noted that it would consider such factors as: (1) uniformity and efficiency in the administration of bankruptcy law, (2) prevention of forum shopping, (3) conservation of the parties' resources, and (4) facilitation of the bankruptcy process. Id. at 536 n.5 . . . . Other courts utilize these factors, as well as other considerations such as: (1) whether the claim is core or non-core, (2) efficient use of judicial resources, (3) a jury demand, and (4) prevention of delay.

TPI Int'l Airways, Inc. v. Fed. Aviation Admin. (In re TPI Int'l Airways), 222 B.R. 663, 668 (S.D. Ga. 1998) (citation modified).   The Court finds it nonsensical that the resolution of non-bankruptcy law issues in the involuntary bankruptcy proceedings filed by the party requesting the withdrawal are essential to the dispute.   Petitioners chose this forum to place more than fifty parties into involuntary bankruptcies.   They now state the involuntary petitions involve "Indian trust land, inherited trust interests, and revisionary rights, arising under federal trust law independent of Title 11."   Dckt. No. 76, at 6.   It is difficult to see how "Indian trust land, inherited trust interests, and revisionary rights" has any relation to resolving these involuntary proceedings.   The involuntary bankruptcy process is designed as "a collective remedy where an alleged debtor is generally not paying its undisputed, unliquidated debts as they come due" and not as a mechanism to determine and collect land or reversionary interests as pled by Ms. Begum and the Petitioners.   See In re Gregory, 2015 WL 5436718, at *3 (involuntary bankruptcy is not designed as a remedy for

25

determining existence of underlying debt in two-party dispute); see generally 11 U.S.C. §303.

For these reasons, the Emergency Motion to Stay Bankruptcy Proceedings Pending District Court Review and Withdrawal of the Reference (Dckt. No. 76) is denied.[23]

Similarly, Ms. Begum's "Notice of Compliance, Reservation of Rights, and Affidavit of Attorney-in-Fact/Trustee in Response to Notice of Requirement to Retain Counsel" and "Motion for Judicial Determination of Representation Status, Objection to Clerk Classification, and Motion for Withdrawal of Reference or, in the Alternative, Abstention and Transfer to District Court" (Dckt. No. 82) are denied.   These pleadings are largely incomprehensible.   For the reasons discussed in this Opinion and Order, these requests are denied.   In addition, the caption of the motion appears to reference the Ohio Case, not the matters pending in this Court.   Dckt. No. 82, at 5 (SFR ATL Owner, L.P. is the alleged debtor in the Ohio Case).

Overall, these pleadings lack any semblance of reasonable inquiry to confirm "it is not presented for [an] improper purpose," warranted by existing law, or containing claims with evidentiary support.   See Fed. R. Bankr. P. 9011(b).

**Other Filings.**

Petitioners' other pleadings have been duly considered by the Court and are denied for the reasons discussed in this Opinion and Order and as previously addressed in the Opinion and Orders entered on December 24, 2025 (Dckt. No. 1) and December 30, 2025 (Dckt. No. 5).   See, e.g., Dckt. Nos. 13–17, 19, 61.

---

[23]   Bankruptcy Rule 5011(d) provides that the "motion to stay a proceeding must ordinarily be submitted first to the bankruptcy judge."   Fed. R. Bankr. P. 5011(d).

**CONCLUSION**

For these reasons, this Miscellaneous Proceeding and all the purported involuntary petitions are ORDERED DISMISSED and all other outstanding motions are ORDERED DENIED;[24]

IT IS FURTHER ORDERED THAT Ms. Begum is prohibited from filing any additional involuntary petitions in any Bankruptcy Court within the Southern District of Georgia unless each petition is duly signed pursuant to Federal Rule of Bankruptcy Procedure 9011, by an attorney duly licensed to practice law in the State of Georgia; admitted and in good standing to practice before the federal courts for the Southern District of Georgia; or duly admitted pro hac vice;

IT IS FURTHER ORDERED THAT Ms. Begum is prohibited from filing any new pleadings in this Miscellaneous Proceeding, No. 25-00101, without such pleadings being signed by an attorney in the manner described above; provided however, this prohibition shall not apply to Petitioner Njinga Begum's legitimate prosecution and/or defense of matters currently on the docket in this Miscellaneous Proceeding or any appeals/reconsiderations of any such matters;[25] and

IT IS FURTHER ORDERED that any subsequently filed pleadings in violation of this order shall not be filed in the Court's docket and the Clerk is ordered to store such pleading in a correspondence folder and no further action will be taken on said pleading; provided, however, the

---

[24] To the extent necessary, the Court shall retain jurisdiction to consider any sanctions against Petitioners, including without limitation, those under 11 U.S.C. §105, Federal Rule of Bankruptcy Procedure 9011, any actual and/or punitive damages and costs under 11 U.S.C. §303(i), any remedies available under 11 U.S.C. §303(k), and any other remedies available under the Bankruptcy Code and Rules.

[25] Notwithstanding the foregoing, Ms. Begum and Petitioners are reminded that all subsequent actions taken are subject to sanctions should they be found groundless, frivolous, baseless, or abusive.

Clerk shall be authorized to destroy said pleadings one year after filing unless ordered otherwise.

**[END OF DOCUMENT]**